

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:08-CR-30(2)** |
| | § | |
| **PATRICK JEROME LEVIAS** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 25, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Patrick Jerome Levias, on **Count 1** of the charging Indictment filed in this cause. Count 1 of the Indictment charges that from on or about

February 15, 2008, to on or about February 22, 2008, in the Eastern District of Texas, Eddie Wayne Levias, Patrick Jerome Levias, Frederico Johnson, Jr., and Jose Frederico Cruz, defendants herein, did knowingly, willfully, and unlawfully, conspire, combine, confederate and agree with each other and others known and unknown to the Grand Jury, to commit bank robbery by force, violence, and intimidation, in violation of Title 18, United States Code, Section 2113, all in violation of Title 18, United States Code, Section 371. *See Indictment.*

Defendant, Patrick Jerome Levias, entered a plea of guilty to Count 1 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d.     That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. § 2113.

## **STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the government presented the following evidence. *See Factual Basis and Stipulation.* In support, the Government would prove that Defendant, Patrick Jerome Levias, is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in Count 1 of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. Specifically, the Government would prove the following stipulated facts:

Video surveillance and bank records introduced by a custodian of records from Orange Savings Bank, Orange, Texas and testimony by various tellers would establish that on or about February 21, 2008, Eddie Wayne Levias entered the Orange Savings Bank branch located on Highway 62 North, in Orange, Texas, ostensibly to inquire about opening a business account at the bank; a teller a would testify that she found defendant Levias' answers to her questions about his business and his demeanor so suspicious that upon his leaving she looked out the window to identify that the vehicle that he arrived in was a metallic blue Jeep Cherokee; Video surveillance would establish that at approximately 11:45 AM on February 22, 2008, three

individuals later identified as the co-defendant Jose Federico Cruz, co-defendant Frederico Johnson Jr., and an unindicted juvenile rapidly entered Orange Savings Bank branch located on Highway 62 North, in Orange, Texas, wearing ski masks and bandannas; the tellers and other bank employees locked themselves in various offices as the co-defendants entered, leaving the teller area empty. The co-defendant Jose Federico Cruz and co-defendant Frederico Johnson Jr. jumped the teller counter. In the video, the defendant Jose Federico Cruz is carrying a large revolver, later identified as a Western Marshal model .44 caliber revolver, serial number 404914; and co-defendant Frederico Johnson Jr. was shown to be carrying a semi-automatic pistol, later identified as a Llama model .45 caliber pistol, serial number C07705. The defendants were unable to open any of the teller drawers so the defendants vaulted back over the counters and exited the bank; bank records would establish that the bank did not suffer a loss; testimony by various bank officers would establish that during the time period alleged in the Indictment the deposits of the banks were insured by the Federal Deposit Insurance Corporation.

A deputy from the Orange County Sheriff's Office would testify that the co-defendant, Jose Federico Cruz, co-defendant Frederico Johnson Jr., and an unindicted juvenile were apprehended at the Flying J Truck Stop a short distance from the bank. The defendant, Jose Federico Cruz was in possession of a revolver, later identified as a Western Marshal model .44 caliber revolver, serial number 404914. Based upon statements from co-defendant Frederico Johnson, Jr., deputies recovered from a nearby garbage dumpster at the truck stop a Llama model .45 caliber pistol, serial number C07705. The co-defendants were wearing clothing similar to that seen in the surveillance video and other clothing seen in the surveillance video

was recovered from a empty field between the truck stop and the bank where the defendants had apparently ran based upon their disheveled appearance.

Detectives from the Orange County Sheriff's Office would further testify that the two co-defendants, Johnson and Cruz, were advised of their rights under *Miranda* and then interviewed regarding the robbery. The co-defendants admitted their involvement in the robbery and the carrying of firearms during the course of the robbery. They also stated the robbery was planned by defendant Eddie Wayne Levias and that the purpose of his earlier trip to the bank was to reconnoiter the bank for personnel and security systems. Further, the co-defendants stated that defendant Eddie Wayne Levias was the driver of the Jeep Cherokee on February 22, 2008 and dropped the two co-defendants and the juvenile off at the bank with the intention of picking them up at a nearby location after the robbery.

Defendant Patrick Jerome Levias was advised of his rights under *Miranda* and then interviewed regarding the robbery. Defendant Patrick Wayne Levias admitted his involvement in the robbery stating (1) he participated in discussions about planning the robbery (2) the money was to split evenly among all participants in the robbery (3) that he rode in the passenger seat of the Jeep on the way to the robbery as a lookout and hid the firearms in the front seat until they arrived near the bank. Defendant Patrick Jerome Levias also admitted to getting out of the Jeep at the truck stop after the robbery to find the two co-defendants Johnson and Cruz and the juvenile only to discover they had been arrested.

An expert in the area of firearms from the Bureau of Alcohol, Tobacco, Firearms and Explosives would testify that the firearms used by the defendants were operable, functioned as

designed, and met the definition of firearm under federal law.

Defendant, Patrick Jerome Levias, agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Patrick Jerome Levias, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 2113.

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United*

*Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 27th day of June, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE